UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST NBC BANK | CIVIL ACTION |
| VERSUS | NO. 16-4352 |
| FRED KIRSCH | SECTION "N"  (2) |

## ORDER AND REASONS

Presently before the Court is a motion for summary judgment filed by Plaintiff First NBC Bank.  On the instant showing made, **IT IS ORDERED** that the motion (Rec. Doc. 8), as presented, is **DENIED**.  This ruling is without prejudice, however, to Plaintiff's right to re-urge its request for relief by means of a properly supported motion bearing none of the deficiencies noted herein.

Plaintiff's motion seeks summary judgment against Defendant Fred Kirsch, in the amount of $1,086,299.97, based on a personal guaranty that he executed for $2,500,000.00 that Monmouth Holding Inc., and King Hospitality, Inc. (the "Borrowers") borrowed from Plaintiff in September 2013.[1]  As the Court understands Plaintiff's submission, the immovable commercial property previously owned by Borrowers, and principally securing the $2,500,000.00 loan, was sold to Plaintiff, via sheriff's sale, on or around May 25, 2016, in Hammond, Louisiana.  As a result of

---

[1] Defendant Kirsch is proceeding *pro se* in this matter. As with the majority of persons proceeding before it *pro se*, the Court urges Defendant Kirsch to seek the benefit of legal counsel.

the sheriff's sale, Borrowers and Defendant received a credit in the amount of $ 1,609,128.94 against the amount owed.

According to its motion, the $1,086,299.97 sought by Plaintiff is based on the following:

>Principal (5/25/16).............................................................$932,695.00
>
>Interest on Principal (through 7/1/16)...............................  $ 19,428.22
>
>Additional Advances (itemized below).............................$109,343.90
>
>   Property Taxes............................................. $31,933.15
>
>   Forced Insurance.......................................... $30,155.22
>
>   Security to Sale.......................................... . $40,248.75
>
>   Locks, repairs, etc...................  ..................... $7,006.78
>
>Interest on Additional Advances (through 7/1/16)............... $ 2,233.58
>
>Late fees................................................................................$ 500.00
>
>Costs....................................................................................$11,163.77
>
>Attorney Fees (through 5/31/16)............................ .................$10,935.50
>
>**Total Owed**...................................................................**$1,086,299.97**. [2]

While Plaintiff may indeed be entitled to judgment in its favor in the requested amount, the instant Rule 56 motion does not adequately demonstrate that to be true. To start, with the exception of a brief, boilerplate recitation of summary judgment principles and a generic reference to "Louisiana State law," Plaintiff's supporting memorandum offers no discussion of the legal principles governing

---

[2] *See* Rec. Doc. 8-2, p.3.

its claim.[3] The same is true of the various defensive points raised by Defendant in his answer, discovery responses, and opposition memorandum.[4] Furthermore, Plaintiff's submission lacks supporting documentation for its claims for "Additional Advances," "Costs," and "Attorneys Fees." Rather, it relies solely on the declaration provided by First NBC Bank's Executive Vice-President Ralph N. Menetre, III.[5] Nor is it clear that the amounts shown for Property Taxes and Insurance should not be prorated based on the date of the May 25, 2016 sheriff's sale.[6] With these shortcomings, Plaintiff's motion is denied.

New Orleans, Louisiana, this 17th day of February 2017.

                                                **KURT D. ENGELHARDT**
                                                **UNITED STATES DISTRICT JUDGE**

---

[3] *See* Rec. Doc. 8-2.

[4] *Id.*; Rec. Docs. 7, 8-5, and 11.

[5] *See* Rec. Docs. 8-2 and 8-3.

[6] To the extent that the amounts submitted by Plaintiff actually are prorated sums, the Court has not been so advised.