UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST NBC BANK | CIVIL ACTION |
| v. | NO. 16-04352 |
| FRED KIRSCH | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

On September 24, 2013, Monmouth Holding, Inc. and King Hospitality, Inc. borrowed $2,500,000.00 from First NBC Bank, as evidenced by a promissory note, repayment of which is secured by a multiple indebtedness mortgage on certain immovable property and a commercial security agreement on certain movable property; and Fred Kirsch, the defendant, as guarantor of the commercial guarantee, unconditionally guaranteed repayment of all obligations

and liabilities owed by borrowers to First NBC Bank, whether then existing or later arising.[1]

On October 30, 2013, the borrowers executed a Change in Terms Agreement that added a "Debt Service Coverage Ratio Covenant;" the Note's repayment obligations were unchanged. The borrowers defaulted under the terms of the Note when they stopped making scheduled payments in November 2015. As a result, according to the Note's terms, the entire unpaid principal balance, together with all accrued interest and all other sums payable, became immediately due and payable. Pursuant to its rights under the multiple indebtedness mortgage and commercial security agreement, First NBC Bank seized and sold certain property of the borrowers. Due to the seizure and sale of the collateral, the borrowers received a credit of $1,609.128.94 on May 25, 2016. According to the record, the amount due and owing under the Note, Multiple

---

[1] These facts are drawn from the summary judgment record, which includes the Note and related agreements, a declaration by Ralph N. Menetre, III, the Executive Vice President for First NBC Bank, and a declaration by Robert Holmes, Account Manager for Republic Credit One, L.P. In compliance with Local Rule 56.1, the plaintiff included with its motion for summary judgment a concise Statement of Uncontested Facts. This Court's Local Rules mandate that the party opposing summary judgment "must include a separate and concise statement of the material facts which the opponent contends present a genuine issue." See Local Rule 56.2. Here, the defendant failed to file any such statement to controvert the plaintiff's submission and, therefore, "[a]ll material facts in the moving party's statement will be deemed admitted, for purposes of the motion." See id.

Indebtedness Mortgage, and Security Agreement as of May 31, 2016 is $932,695.00 principal; $19,428.22 in accrued interest as of July 1, 2016 at a rate of 6.5% from July 1, 2016 until paid; additional advances (including $31,933.15 in property taxes; $30,155.22 in forced insurance; $40,248.75 in security to sale; and $7,006.78 in locks and repairs); $2,233.58 in interest on additional advances; $500 in late fees; $11,163.77 in costs; and $10,935.50 in attorney's fees (through 5/31/16), for a total of $1,086,299.97.

On May 6, 2016, First NBC Bank filed this lawsuit against Fred Kirsch to recover the sums owed under the terms of the Note, after applying all credits the borrowers are entitled to by law. After First NBC Bank was closed and the Federal Deposit Insurance Corporation, as Receiver, was substituted for First NBC Bank, FDIC-R assigned and transferred the Note and claims sued upon to Republic Credit One, L.P., which is now the holder and the plaintiff.[2]

In answering the lawsuit, Kirsch has admitted that the borrowers executed the Note, that the borrowers were in default

---

[2] On June 14, 2018, the Court granted Republic Credit One, L.P.'s motion to substitute itself as plaintiff in place of Dyck O'Neal, Inc., which was originally substituted in place of FDIC-R on March 5, 2018. According to the Corrected Assignment and Bill of Sale, the FDIC assigned its rights in the Monmouth Holding account (among others) to Republic Credit One, L.P on May 24, 2017.

under the terms of the Note, that he executed the Commercial Guaranty dated September 24, 2013, under which he unconditionally guaranteed repayment of all indebtedness owed by the borrowers to the holder. In August 2016, First NBC moved for summary judgment, seeking principal, interest on principal, additional advances (property taxes, forced insurance, security to sale, locks and repairs), interest on advances, late fees, costs, and attorney's fees for a total of $1,086,299.97. On February 17, 2017, another Section of this Court denied the motion without prejudice. In so denying, the following shortcomings were identified: the legal issue was insufficiently briefed and the "[p]laintiff's submission lacks supporting documentation for its claims for 'Additional Advances,' 'Costs,' and 'Attorneys Fees.'" More than a year after summary judgment was denied, Dyck O'Neal, Inc. was substituted in place of FDIC-R as the plaintiff. A few months later, Dyck O'Neal, Inc. moved for summary judgment. The case was then reassigned to this Section of Court. The defendant filed an opposition to Dyck O'Neal, Inc.'s motion for summary judgment, and Dyck O'Neal, Inc. filed a reply. Shortly after Dyck O'Neal, Inc. filed its reply papers, Republic Credit One, L.P. moved to be substituted in this litigation as the plaintiff. The request was granted, and the motion for summary judgment was denied without prejudice.

The Court now considers the motion for summary relief in which the plaintiff, Republic Credit One, L.P., submits that it is entitled to $932,695.00 principal; $19,428.22 in accrued interest as of July 1, 2016 at a rate of 6.5% from July 1, 2016 until paid, and Court costs.[3]

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations

---

[3] For the purposes of its motion for summary judgment, the plaintiff waives its right to attorney's fees, other expenses, late fees, and the default rate of interest.

raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although

the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

## II.

For the purposes of its motion for summary judgment, the plaintiff limits its claims, seeking judgment as a matter of law only as to $932,695.00 in principal, $19,428.22 in accrued interest as of July 1, 2016, interest thereafter at the initial rate of interest provided in the promissory note of 6.5% per annum, and court costs incurred in this proceeding. Thus, notably, for the purposes of summary judgment only, the plaintiff expressly waives its right to attorney's fees, other expenses, late fees, and the default rate of interest.

Under Louisiana law, "a plaintiff establishes a prima facie case to enforce a promissory note when he 1) produces and presents the note into evidence; 2) shows it was signed by the defendant; 3) [shows] that the defendant has defaulted; and 4) as to an assignee, present[s] evidence of a chain of assignments." National

Collegiate Student Loan Trust 2003-1 v. Thomas, 129 So. 3d 1231, 1233-34 (La. App. 2 Cir. 11/20/13); see also La.R.S. 10:3-301. If the plaintiff establishes its prima facie case, the burden shifts to the defendant to submit evidence establishing a triable issue of fact on a bona fide defense. Thomas v. Bryant, 597 So. 2d 1065, 1068 (La.App. 2d Cir. 1992).

The plaintiff has established a prima facie case to enforce the promissory note under Louisiana law. There is no dispute in the summary judgment as to the requisite elements; indeed, independent of the other evidence submitted by the plaintiff, the defendant has admitted that the borrowers executed the Note, that the borrowers were in default under the terms of the Note, that he executed the commercial guaranty dated September 24, 2013, under which he unconditionally guaranteed repayment of all indebtedness owed by the borrowers to the holder. The defendant, *pro se*, has failed to submit any evidence demonstrating the existence of a triable issue of fact as to the plaintiff's entitlement to the outstanding principal, accrued interest on principal, or entitlement to court costs.[4]

---

[4] Notably, in his opposition papers, the defendant continues to challenge only those aspects of expenses or fees that the plaintiff has waived for the purposes of summary judgment. The defendant offers no evidence to refute the plaintiff's entitlement to the principal, interest on principal, or court costs. Finally, insofar as the defendant characterizes the seizure and sale of the property

Considering the terms of the Note and the totality of the summary judgment record, the Court finds that the borrowers defaulted in failing to make scheduled payments since November 2015. Under the terms of the Note, together with the other documents including the Commercial Guarantee signed by the defendant, the defendant is personally liable for all sums due under the Note. Accordingly, the plaintiff's motion for summary judgment is GRANTED; the plaintiff is entitled to judgment as a matter of law against Fred Kirsch, *in solido*, for $932,695.00 principal, $19,428.22 in accrued interest as of July 1, 2016 at a rate of 6.5% from July 1, 2016 until paid, and the court costs incurred in these proceedings. Because the plaintiff in its motion has waived any right to attorney's fees, other expenses including security costs, property taxes, forced placed insurance, late fees, and the default rate of interest, any claims for these categories of costs and expenses are hereby dismissed. IT IS

---

as "not an arm's length transaction," he offers neither legal grounds nor evidence that undermine the plaintiff's claim under the Note and related documents or otherwise support the defendant's request for "further investigation." (That the property was seized and sold for less than its value, standing alone, would be neither a defense to enforcement of a Note, nor grounds for a credit. See Capital One, N.A. v. Nicoll, 113 So.3d 1158, 1162 (La.App. 5 Cir. 3/27/13)(citing Michael H. Rubin & Jamie D. Seymour, Deficiency Judgments: A Louisiana Overview, 69 La. L. Rev. 783, 810 (2009)). When no triable issues have been identified, summary judgment is proper.

FURTHER ORDERED: that the plaintiff shall submit a proposed judgment within seven days.

New Orleans, Louisiana, October 17, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE